IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYSTIC PIZZA, LLC; JOHN ZELEPOS; and CHRISTOS ZELEPOS, | No.:_____ |
| Plaintiffs | Civil Action |
| v. | Jury Trial Demanded |
| MYSTIC PIZZA COMPANY; and ANTONIO MARQUES and HELDER MARQUES, individually, and d/b/a "Mystic Pizza," "Mystic Pizzeria," and "MysticPizzeria.com," | Electronically Filed |
| Defendants | |

**COMPLAINT**

The plaintiffs, Mystic Pizza LLC, John Zelepos; and Christos Zelepos, (collectively "Plaintiffs"), by and through their undersigned attorneys, and for their Complaint for injunctive and other relief against the defendants, Mystic Pizza Company, and Antonio Marques and Helder Marques, individually and d/b/a "Mystic Pizza," "Mystic Pizzeria," and "MysticPizzeria.com" (collectively, "Defendants"), hereby state and allege the following:

**Nature of Action**

1.  This is an action for domain name cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); trademark infringement and unfair competition, 15 U.S.C. §§ 1114, 1125(a); trademark dilution under 15 U.S.C. § 1125(c); and state law claims for common law trademark

infringement and unfair competition.  Plaintiffs seek damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

**Parties, Jurisdiction and Venue**

2.Plaintiff Christos Zelepos is a citizen of Connecticut and the owner and licensor of the Mystic Pizza Mark and Mystic Pizza Marks (as defined in Paragraph 6).  Plaintiff John Zelepos is a citizen of Connecticut, a Member of Mystic Pizza, LLC, and is an authorized licensee and authorized to enforce, and responsible for enforcing, certain rights associated with the Mystic Pizza Marks.  Plaintiff Mystic Pizza, LLC is a Connecticut limited liability company with its principal place of business in Mystic, Connecticut.  Mystic Pizza, LLC is an authorized licensee of the Mystic Pizza Marks, utilizes those marks in interstate commerce, and is authorized to enforce rights associated with the Mystic Pizza Marks.

3.Upon information and belief, Defendant Mystic Pizza Company, is a Pennsylvania corporation with its principal place of business in North Wales, Pennsylvania.  Upon information and belief, Defendants Antonio Marques and Helder Marques are citizens of Pennsylvania, have personally participated in and/or had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and have derived direct financial benefit from that wrongful conduct.  Defendants operate a pizza and restaurant business that they refer to as "Mystic Pizza."  Defendants promote their business in interstate commerce, including via MysticPizzeria.com and via social media.  Upon information and belief, Defendants operate their "Mystic Pizza" business in and/or affecting interstate commerce.

4.      Jurisdiction over this matter arises under 28 U.S.C. § 1331, 1338, and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b).

**General Allegations**

6.      Plaintiffs hold numerous trademarks related to the "Mystic Pizza" brand, including, but not limited to, Trademark Registration No. 1,551,426 (the "Mystic Pizza Mark"), as well as Trademark Registration Nos.: 2,654,060; 2,654,061; 2,654,062; 2,656,252; 2,656,255; 2,712,641; 2,717,125 (collectively, the "Mystic Pizza Marks"; see documents attached at Exhibit A).  Plaintiffs use the Mystic Pizza Marks with respect to, among other things, "pizza carry-out and restaurant services."  Plaintiffs have used the Mystic Pizza Marks in commerce since at least 1974.  The Mystic Pizza brand grew in fame and popularity after the 1988 movie *Mystic Pizza*, starring Julia Roberts, was released.  The title of that film had been inspired by Plaintiffs' pizza shop, which had been popular among both locals and tourists since 1973 and caught the eye of Hollywood screenwriter Amy Holden Jones.  The Mystic Pizza brand remains famous to this day.  Plaintiffs have expanded from a single store to multiple locations and have plans for further expansion, as available and appropriate.

7.      Plaintiffs have used the Mystic Pizza Marks in connection with Plaintiffs' business, products, and services.  The Mystic Pizza Marks are prominently displayed on Plaintiffs' website, literature, and products.  Plaintiffs have continuously used the registered Mystic Pizza Marks since the registration of that mark.  These marks have

not been abandoned, canceled, or revoked and have achieved incontestability under 15 U.S.C. § 1065.

8.  As a result of successful sales and advertising and promotion, the Mystic Pizza Marks have become widely and favorably known as identifying quality pizza and restaurant products/services originating from, sponsored by or associated with the Plaintiffs. The public has come to associate the Mystic Pizza Marks with the Plaintiffs as a source of high quality goods and services.

**Defendants' Conduct**

9.  Defendants are infringing Plaintiffs' Mystic Pizza Marks in a variety of ways.

10. Defendants operate a competing business utilizing an identical brand and providing identical services. Defendants even formed a corporation and have registered a fictitious business using the identical "Mystic Pizza" corporate name.

11. Defendants promote their unauthorized and unaffiliated "Mystic Pizza" restaurant and related products/services on the internet, including via MysticPizzeria.com (the "Infringing Domain Name" or "Defendants' Website," as appropriate), and via social media. The mere registration of the Infringing Domain Name is evidence that Defendants were aware of Plaintiffs' brand; Defendants were obviously aware that MysticPizza.com (comprised of the name of their "Mystic Pizza" business) was already registered and being used by Plaintiffs.

12. Through the Infringing Domain Name, Defendants advertise and offer for sale competing products and services.

13.     Plaintiffs have notified Defendants of Defendants' infringing conduct, alerted the Defendants that their registration and use of the Infringing Domain Name violated Plaintiffs' rights, and requested that the Defendants terminate their conduct.

14.     To date, Defendants have failed to cease or alter their infringing conduct. Indeed, their infringing conduct has continued and increased.

15.     The Defendants have engaged in this conduct without the Plaintiffs' consent or the sanction of any court's ruling that the Defendants own any rights whatsoever to exploit the Mystic Pizza Marks for commercial use, and without the benefit of any legitimate common law trademark or service mark rights or ownership of registrations for "Mystic Pizza" in any form, including the registration of the Infringing Domain Name.

16.     The Infringing Domain Name is a top level domain name ending in .com.

17.     The Defendants registered and continue to operate the Infringing Domain Name with a bad-faith intent to profit from the goodwill and value associated with the Mystic Pizza Marks and, without any legal basis, statutory or otherwise, for asserting rights to advertise or otherwise sell products or services in commerce in conjunction with the Plaintiffs' famous Mystic Pizza Marks.

18.     Upon information and belief, with full knowledge of Plaintiffs' exclusive rights in the Mystic Pizza Marks, the Defendants are using the Infringing Domain Name as a source identifier and attempting to confuse Plaintiffs' customers and to divert them to the web pages represented by the Infringing Domain Name and/or to falsely suggest to customers that "MysticPizzeria" is the Pennsylvania location of Plaintiffs' branded

pizza stores. This is especially concerning given that Plaintiffs have more than one "Mystic Pizza" location, not limited to Mystic, Connecticut.

19. Upon information and belief, the Defendants and the Infringing Domain Name have deliberately harmed, and will continue to harm, the goodwill enjoyed by the Mystic Pizza Marks among consumers by creating a false association between the genuine products and services provided by the Plaintiffs and those products and/or services being sold by the Defendants.

20. The Defendants registered the Infringing Domain Name despite the fact that they lack any legitimate intellectual property rights whatsoever in the Mystic Pizza Marks in the United States, or elsewhere.

21. The Infringing Domain Name is identical and/or confusingly similar to Plaintiffs' protectable Mystic Pizza Marks, save for the substitution of the word "pizzeria" for "pizza" in the domain name (while still using "Mystic Pizza" on the website). Thus, the Infringing Domain Name is confusingly similar to, and dilutive of, the famous Mystic Pizza Marks – and violates Plaintiffs' exclusive trademark rights in the Mystic Pizza Marks.

22. Upon information and belief, the Defendants registered the Infringing Domain Name despite their actual knowledge of the Mystic Pizza Marks, their acute awareness of Plaintiffs' long-standing existence in the pizza/restaurant industry, the undeniable fame as a result of Plaintiffs' branded store being the basis for the Hollywood movie, Defendants' knowledge of the fame and distinctiveness of the Mystic

Pizza Marks, and their knowledge that they had no intellectual property rights in the Mystic Pizza Marks.

## COUNT I

### Cybersquatting Under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))

23. Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 as if fully set forth herein.

24. The Infringing Domain Name is virtually identical to, confusingly similar to, and dilutive of Plaintiffs' Mystic Pizza Marks, which were distinctive and famous at the time the Defendants registered the Infringing Domain Name.

25. The Defendants have registered, trafficked in, and/or used the Infringing Domain Name with a bad-faith intent to profit from the Plaintiffs' mark.

26. The Defendants' registration of, trafficking in, and/or use of the Infringing Domain Name has caused, and is likely to continue to cause, irreparable harm to Plaintiffs' goodwill and reputation.

27. The Defendants' actions were and are willful and the Plaintiffs have no adequate remedy at law. Among other things, Defendants have continued and increased their infringing use following Plaintiffs' notice of infringement.

28. The Defendants' activities as alleged herein constitute a violation of the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

29. As a direct and proximate result of such conduct, the Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable harm to their business, reputation, and goodwill.

## COUNT II

### Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114

30. The Plaintiffs incorporate the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. The Defendants use in commerce a brand name that is identical to, and a domain name which contains and is virtually identical to, the Mystic Pizza Mark and, thus Defendants' brand name and domain name are confusingly similar to Plaintiffs' mark.

32. The Defendants' use in commerce of the Mystic Pizza Mark for Defendants' products and/or services, and Defendants' use of an internet domain name as a source identifier, constitute a reproduction, copying, counterfeiting, and colorable imitation of the Mystic Pizza Mark in a manner that is likely to cause confusion or mistake and is likely to deceive consumers.

33. By using the Mystic Pizza Mark and/or Marks identical and/or confusingly similar to the Plaintiffs' mark with knowledge that the Plaintiffs own and have used, and continue to use, their mark in interstate commerce, the Defendants have intended to cause confusion, cause mistake, or deceive consumers.

34. The Defendants are using a mark identical and/or confusingly similar to the Mystic Pizza Mark in connection with the sale, offering for sale or advertising of goods and services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with the Plaintiffs or as

to the origin, source, sponsorship, or approval of Defendants' services and commercial activities by the Plaintiffs.

35. The Defendants' use of the Mystic Pizza Mark and/or Marks confusingly similar to them has created a likelihood of confusion among consumers who may falsely believe that the Defendants' business or web site is associated with the Plaintiffs, or that the Plaintiffs sponsor or approve of the Defendants' website, domain name, products, services or commercial activities.

36. The Defendants' actions were and are willful. Among other things, Defendants have continued and increased their infringing use following Plaintiffs' notice of infringement.

37. As a direct and proximate result of the Defendants' infringement, the Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable harm to their business reputation and goodwill.

### COUNT III
### Unfair Competition/False Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a)

38. The Plaintiffs incorporate the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. The Defendants' use in commerce of marks identical to and/or confusingly similar to the Mystic Pizza Mark in connection with restaurants, products, services, websites, and internet domain names, among others, constitutes a false designation of origin and/or false or misleading deception or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association

with the Plaintiffs, or as to the origin, sponsorship, or approval of the products or services or commercial activities of the Defendants.

40. The Defendants' use of the Mystic Pizza Mark, and/or confusingly similar marks, with the knowledge that the Plaintiffs own and have used, and continue to use, their Mystic Pizza Mark constitutes intentional conduct by the Defendants to make false designations of origin and false descriptions about Defendants' services and commercial activities.

41. As a direct and proximate result of such unfair competition, the Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

## Count IV

### Trademark Dilution, 15 U.S.C. §1125(c)

42. Plaintiffs adopt and incorporate by reference paragraphs 1 through 41 as if fully restated herein.

43. Plaintiffs are the exclusive owner/rights-holders of the Mystic Pizza Marks.

44. The Mystic Pizza Marks have been in use since at least 1974 and have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b) due to their continuous use in commerce for more than five (5) consecutive years since registration.

45. As a result of Plaintiffs' extensive use, advertising, marketing and promotion of its brand online and by way of physical stores, the Mystic Pizza Marks have become famous and well-known.

46. The Mystic Pizza Marks are distinctive of Plaintiffs' products and services and have come to represent a certain level of quality and prestige provided by Plaintiffs.

47. Well after the Mystic Pizza Marks acquired their famous and distinctive quality, Defendants, without authorization from Plaintiffs, began using the Mystic Pizza Marks and name in connection with competing pizza and restaurant goods and services.

48. Defendant's unauthorized use of the Mystic Pizza Marks and name dilutes and/or is likely to dilute the distinctive quality of the Mystic Pizza Marks and to lessen the capacity of the Mystic Pizza Marks to identify and distinguish Plaintiffs' goods and services in the marketplace.

49. Defendants' acts have and/or will cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## COUNT V

### Common Law Trademark Infringement and Unfair Competition

50. The Plaintiffs incorporate the allegations from paragraphs 1 through 49 as if fully set forth herein.

51. The acts and conduct of Defendants as alleged above in this Complaint constitute trademark infringement, passing off, and unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

52. The acts and conduct of Defendants are likely to cause confusion, mistake, and/or uncertainty among customers, end users and the public. These acts and conduct are likely to deceive and/or mislead the public by, among other things, leading the public to conclude, incorrectly, that the Defendants' store, products, services, websites, and internet domain names, among others, originate with, are sponsored by, or are authorized by the Plaintiffs, causing confusion and uncertainty in the business of Plaintiffs.

53. Defendants' conduct as alleged above has been done willfully and deliberately. Defendants have profited and have been unjustly enriched by sales that Defendants would not otherwise have made but for their unlawful conduct.

54. Defendants' acts described above have caused injury and damages to Plaintiffs, have injured Plaintiffs' goodwill and reputation, and, unless enjoined, will cause further injury, whereby Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFFS RESPECTFULLY PRAY FOR JUDGMENT IN FAVOR OF PLAINTIFFS ON ALL COUNTS AND THAT THE COURT GRANT THE FOLLOWING RELIEF:

a) A temporary, preliminary and permanent injunction prohibiting the Defendants, their respective officers, agents, servants, employees, and/or all persons acting in concert or participation with them, from:

      1)     Using the Mystic Pizza Mark(s) or confusingly similar versions thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business, business entity, marketing or promotional materials, and/or for any other purpose (including but not limited to in any corporate name and on any website or in any domain name); and

      2)     Registering, owning, leasing, selling, or trafficking in any domain names containing the Mystic Pizza Mark(s) or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

b)     A preliminary and permanent injunction requiring the Defendants and the current domain name registrar to transfer to the Plaintiffs any domain names registered:

      1)     to the Defendants, their respective officers, agents, servants, employees and/or all persons acting in concert or participation with them, or any of them that include "Mystic Pizza" or any other term identical or confusingly similar to the Mystic Pizza Mark(s), including, but not necessarily limited to, MysticPizzeria.com.

c)     Damages in an amount to be proven at trial sufficient to compensate Plaintiffs for all damages caused by Defendants' conduct, with such damages to be trebled pursuant to 15 U.S.C. § 1117(b) and/or Pennsylvania Const. Stat. Ann. Title 54 § 1123, and/or because of

        Defendants' intentional acts of infringement, or if otherwise appropriate within the Court's discretion;

d)    An award of the Defendants' profits, the Plaintiffs' damages, and/or statutory damages to the Plaintiffs in an amount to be determined at trial, pursuant to 15 U.S.C. § 1117;

e)    Disgorgement of all profits or other unjust enrichment obtained by Defendants as a result of Defendants' conduct complained of herein, with the amount of such profits increased to the extent they are inadequate to compensate Plaintiffs for the harm incurred as a result of Defendants' acts;

f)    All allowable costs associated with this action, including pursuant to 15 U.S.C. § 1117;

g)    An award of Plaintiffs' reasonable attorneys' fees in view of the nature of this case, pursuant to 15 U.S.C. § 1117;

h)    An award of pre-judgment and post-judgment interest, and statutory and punitive damages and/or exemplary damages; and

i)      All other relief to which the Plaintiffs are entitled in law or in equity.

The Plaintiffs hereby demand a trial by jury in this matter.

McNEES WALLACE & NURICK LLC

By _____
Carol Steinour Young
100 Pine Street
Harrisburg, PA 17101
Phone: (717) 237-5342
Fax: (717) 260-1748
Email: csteinour@mcneeslaw.com

Dated:  February 28, 2019

Brian C. Roche – ct 17975
Gerald C. Pia, Jr. – ct 21296
Roche Pia, LLC
Two Corporate Drive, Suite 248
Shelton, CT 06484
Phone: (203) 944-0235
Fax: (203) 567-8033
Email:  broche@rochepia.com
            gpia@rochepia.com

Attorneys for Plaintiffs